JOHN W. MARSHALL, APPELLANT, V. MILTON H. GOBLE ET AL., APPELLEES.

FILED OCTOBER 5, 1898. No. 8234.

Trusts: COMPENSATION OF AGENTS: LIEN ON FUND. Where a firm of real estate brokers undertook to find purchasers of land for one who held title thereto merely for convenience of transfer for the benefit of associates interested therein, such firm is not, in equity, entitled to a decree subjecting unsold portions of such land, or such associates personally, to liability for the payment of commissions on the theory that the services of the firm in finding purchasers as undertaken were rendered in the execution of a technical trust.

APPEAL from the district court of Douglas county. Heard below before DUFFIE, J. *Affirmed.*

*Gregory, Day & Day,* for appellant.

References: *Mason v. Pomeroy,* 7 L. R. A. [Mass.] 771; *Noyes v. Blakeman,* 6 N. Y. 567; *New v. Nicoll,* 73 N. Y. 127; *Buck v. Winn,* 11 B. Mon. [Ky.] 320; *Marshall v. Goble,* 32 Neb. 9; *Kothman v. Skaggs,* 29 Kan. 5; *Kutz's Appeal,* 40 Pa. St. 90.

*Hall & McCulloch, contra.*

References: *Duvall v. Craig,* 2 Wheat. [U. S.] 45; *Taylor v. Davis,* 110 U. S. 330; *Cobb v. Knapp,* 71 N. Y. 348; *McGraw v. Godfrey,* 14 Ab. Pr. n. s. [N. Y.] 398; *Thomson v. Davenport,* 9 B. & C. [Eng.] 78; *Jones v. Ætna Ins. Co.,* 14 Conn. 501; *Kingsley v. Davis,* 104 Mass. 178.

RYAN, C.

On July 30, 1896, a certain quarter section of land in Douglas county was conveyed to M. H. Goble as trustee,

Marshall v. Goble.

but no trust was described in the conveyance. From the evidence introduced on the trial of this cause we learn, however, that the title was vested in Mr. Goble to enable him to plat the tract into lots and blocks and to sell the same for the benefit of the parties who had contributed the purchase price paid for the entire tract. On August 16, 1896, Milton H. Goble, trustee, in writing agreed to make the firm of Marshall & Lobeck his sole agent for the sale of lots into which the tract was subdivided. By his written contract it was provided in express terms that the said Goble was to pay the said firm a commission of ten per cent on all sales made by it or by parties employed by it. There was afterward a sale of several lots for the sum of $44,000, but this sale was made by Goble himself. John W. Marshall, the surviving member of the firm of Marshall & Lobeck, sued Goble for ten per cent of the amount of the above sale, and in March, 1893, recovered judgment as prayed. This judgment has never been paid, and this suit was begun in the district court of Douglas county for the purpose of charging the beneficiaries, for whom Goble was acting, with the obligation of paying it and for the purpose of enforcing it as a lien on the portion of the 160-acre tract remaining unsold, of which the title before the rendition of said judgment had been by Goble conveyed to another person named as trustee. There was a judgment for the defendants, from which Marshall has appealed.

It is urged by appellant that the estate held by Goble was a trust estate and that, therefore, any expense incurred in its management should be enforced against it and its proceeds so long as the rights of third parties are not thereby prejudiced. In this connection attention is challenged to the fact that in the contract between Goble as party of the first part and the firm of Marshall & Lobeck as parties of the second part there was the following provision: "The party of the first part shall sign all papers pertaining to sale of said lands, and after said papers have been signed, they shall be turned over to

him, together with the proceeds of sales in excess of the commission before named." If we understand correctly the force of this provision, it does not create a lien upon any part of the land of which Goble held the title. In case of a sale made by the firm of which Marshall was a member that firm was entitled to withhold ten per cent of the moneys first paid to it under the terms of such sale. No part of the $44,000 came into the hands of the firm, and the judgment against Goble was obtained on the theory that he had obtained the money upon the sale and had wholly failed and refused to pay the commission justly due said firm; in other words, the amount of the commission was sued for as money of the firm had and received by Goble. Upon the judgment there could be founded no claim of right to a lien on other real property of which the title was held by Goble, and much less could such claim be asserted with reference to the proceeds of the sales thereof. By the use of the descriptive word "trustee" there was intended by the parties no reference to a trust in the technical sense of that term, for with the proceeds of sales Goble was charged with no duty but to pay them to the beneficiaries entitled thereto. In effect, he was a mere agent, who, to perform the more readily his duties as such, had taken, or procured to be taken, the title of the subject-matter in himself. The firm of Marshall & Lobeck contracted with him to act as his sole agency, not to execute or assist in the execution of a technical trust, but to assist in selling the land of which he held the legal title. The district court, therefore, very properly denied the relief prayed, and accordingly its judgment is

AFFIRMED.